# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Gregory Webber

December 14, 1998

Case No. (Criminal) 11305

BY JUDGE JEAN HARRISON CLEMENTS

This case was heard on December 4, 1998, on Defendant's Motion to Dismiss for Lack of a Speedy Trial. The Motion was taken under advisement by the Court.

On February 9, 1998, the Defendant was indicted and served with a two-count indictment as follows: "First" Criminal solicitation §§ 18.2-29 and 18.2-63, a felony; and "Second" Contributing to the delinquency of a minor, § 18.2-371, a misdemeanor. On March 16, 1998 (order entered March 17, 1998), the Defendant was arraigned on each count of the indictment and entered pleas of not guilty.

The Defendant, by counsel, filed a Motion to Quash/to Dismiss on March 23, 1998, which was heard and denied on April 17, 1998, by order entered April 24, 1998.

It appears that the Defendant did not appear for a court date on April 7, 1998, and that a capias was issued for failure to appear and to revoke bond. However, on April 29, 1998, he appeared pursuant to a condition of recognizance and his bond was reinstated. Thus, it appears that the Defendant has always been at liberty on bond since his arrest on the indictment.

The Commonwealth was given leave to amend the "First" Count of the indictment. Its Amended Indictment was timely filed on May 6, 1998. Defendant's Motion to Quash/to Dismiss was denied on June 16, 1998, by order entered June 22, 1998.

On July 16, 1998, by order entered July 17, 1998, the Defendant was given leave to file a Motion to Suppress within ten days, and the Court set the case for August 14, 1998, at 1:00 p.m. on all pending motions and for August 31, 1998, at 9:00 a.m. for trial. Defendant's Motion to Suppress and "Renewed Motion to Quash Indictment and to Dismiss" were not filed until August 12, 1998, and the Commonwealth objected to the timely filing and notice thereof.

Thereafter, there were several dates on which hearings were held or were to be held and for which there were no orders in the file at the time of the argument upon this Motion. The Court has instructed the court reporter to file a transcript for August 14, 1998, and October 26, 1998. The Court will instruct the Clerk to prepare orders from the dates for which there are not now orders in the file and which are supported by the record. The Court concludes the following.

The Defendant, his attorney, and the Commonwealth's Attorney appeared on August 14, 1998. The Commonwealth objected to the untimeliness of the filing of Defendant's Motion to Suppress and the inadequacy of notice. The Court determined that the Motion needed to be heard before trial and scheduled the Motion for August 28, 1998, at 3:00 p.m. The Clerk will prepare an order reflecting the record.

On August 27, 1998, at 3:00 p.m., no one other than the court reporter appeared. She was advised by the Clerk that the matter had been continued because of the illness of Defendant's attorney. I believe Judge Horne's order entered August 31, 1998, actually reflects this court date. There is a reference therein to the Motion being continued to September 4, 1998, at 9:00 a.m., although neither the court reporter nor Case Management reflects it being on the docket that day. Case Management does reflect that the case was on the docket at 9:00 a.m. on August 31, 1998, for scheduling and that a hearing on Defendant's Motion to Suppress was set for September 18, 1998. The Court concludes that although August 31, 1998, was originally set as the trial date, no one appeared on August 31, 1998, for trial and no trial was held on that day due to Defendant's counsel's illness, and the aforementioned need to hear Defendant's Motion to Suppress prior to trial.

The Motion to Suppress was heard on September 18, 1998, and then on September 22, 1998, and was denied. Thereafter, the case was again set for trial on October 28, 1998. The record and the order entered September 29, 1998, reflects these events.

On October 23, 1998, counsel for the Defendant filed a Motion for leave to withdraw. This Motion was heard and granted on October 26, 1998. The record of the transcript has been ordered and filed. It indicates that the Defendant still desired to be represented by retained counsel. The Court gave

leave to the Defendant to retain counsel, and he was to report his attorney by November 6, 1998. Of necessity, the case was continued for trial and the Court set it on December 17, 1998. On November 6, 1998, and November 13, 1998, Defendant's newly-retained attorney, Mr. Levay, made Motions to continue, which were denied. The Defendant, still desiring to have retained counsel, was given until November 23, 1998, to do so. On November 23, 1998, the Defendant appeared without an attorney requesting additional time and continuance of trial. The Court appointed the Public Defender as "stand by" counsel and refused to continue the trial of the case.

Both charges in this case originated in the Circuit Court by indictment. The Defendant has not been in custody on either. The Defendant has a constitutional and statutory right to a speedy trial. As to each count, it is Defendant's right to have his trial commence within nine months of arrest upon the indictment, February 9, 1998. The Defendant was arraigned on March 16, 1998. Following a line of several cases, including *Riddick v. Commonwealth*, 22 Va. App. 136 (1996), the Defendant's trial commenced on that date. As mentioned, the "First" Count was amended on May 6, 1998. There has been no re-arraignment. The amendment does not change the nature of the offense. The re-arraignment is therefore a further and subsequent incident of trial. If the Court views it as "a new charge" for which there has been no arraignment, then clearly nine months from the date it "is found against the accused" would be February 6, 1999.

Assuming for the sake of argument that the Defendant's right to a speedy trial attached on February 6, 1998, and has not been tolled by the arraignment on March 16, 1998, or the date of the amendment of Count "First," May 6, 1998, has he been denied his right and the Commonwealth barred from further prosecution?

The first trial date in this case was August 31, 1998. The trial did not occur on that date because of the Defendant's failure to timely file and provide notice of his Motion to Suppress and the inability to conclude that Motion prior to trial as is required because of the illness of his attorney.

The trial set for October 28, 1998, was not held because the Defendant asked or concurred in the motion of his attorney to withdraw on October 26, 1998, and because of his continued desire to retain counsel. Since October 26, 1998, the Defendant, or his attorneys, have made four further attempts to continue the trial of the case, to either retain an attorney, or for conflicts of his attorney's schedule or insufficient time to prepare for trial.

It is clear to the Court from this record and the Court's orders that this case, set for trial by the Court on August 31, 1998, met the statutory and constitutional rights of the Defendant to a speedy trial. Beginning on August

486

12, 1998, and for all of the reasons recited herein by the Court, all delays in proceeding with the trial of the case are attributable to the Defendant.

Accordingly, the Defendant's Motion to Dismiss for Lack of a Speedy Trial is denied.